**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| JOSH WOFFARD, <br><br> Plaintiff, <br><br> vs. <br><br> VERISK ANALYTICS, INC, <br><br> Defendant. | Civil Action No.: 7:23-cv-97 <br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

**TO THE HONORABLE JUDGE OF SAID COURT**

NOW COMES, Plaintiff JOSH WOFFARD ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Complaint* against Defendants VERISK ANALYTICS, INC ("Verisk" or "Defendant"), and respectfully sets forth, complains, and alleges upon information and belief, the following:

## PREMLIMINARY STATEMENT

1.      This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Plaintiff is a resident of Wilbarger county.

## PARTIES AND SERVICE

### JOSH WOFFARD

4.      Plaintiff is a resident of Wilbarger County, Texas.

5.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

### VERISK ANALYTICS, INC

6.      Defendant Verisk Analytics, INC is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for background screening purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

7.      Among other things, Defendant sells consumer reports, often called background screening reports to employers for employment and criminal screening purposes, and motor vehicle reports for driving history purposes. These reports are provided in connection with a business transaction initiated by the consumer.

8.      Defendant Verisk may be served with process through their registered agent at Corporation Service Company located at 251 Little Falls Drive, Wilmington DE, 19808.

## FACTUAL ALLEGATIONS

9.      In March of 2023, Plaintiff's employer requested a background check on him through Verisk, the background check company they use regularly.

10.     Plaintiffs background check compiled by Defendant for Plaintiffs employer contained information about a marijuana charge belonging to Plaintiff's brother. See **Exhibit "A"**, a true and correct copy of the incorrect background check.

11.     Plaintiff has never been arrested or found guilty of possession of Marijuana and in fact should not have had any adverse information found in this report.

12.     Plaintiff was made aware of the adverse and false information found in the Verisk background report by his employer, and not by Verisk. This caused Plaintiff to fear for his job security.

13.     Plaintiff then had to contact his employers' human resources department to explain that the charges that came up did not belong to him, and instead belonged to his brother, causing Plaintiff unnecessary humiliation.

14.     Due to Verisk's failure to generate an accurate background check for Plaintiff, Plaintiff lives in fear that his job is in danger, and his reputation has been tarnished in front of his employer and potentially coworkers. His reputation continues to be harmed by Verisks continued false reporting. Plaintiff has suffered severe mental anguish, humiliation, and frustration and injury to his reputation from this inaccuracy.

15.     Verisk has violated the FCRA by failing to provide an accurate background check report for Plaintiff and by failing to notify Plaintiff that the background check generated for employment purposes contained adverse information.

16.     For there reasons, Verisk has violated the FCRA.

### FIRST CAUSE OF ACTION
**Willful Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant Verisk**

17.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

18.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

19.     Defendant has willfully failed to comply with the Act. The failure of Defendant to comply

with the Act include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Defendant had notice was inaccurate;

    e.   The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete;

    h.   The failure to take adequate steps to verify information Defendant had reason to believe was inaccurate before including it in the consumer report of the consumer.

20.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of time and money trying establish to his employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and to provide them to his employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

21. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

22. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681.

## SECOND CAUSE OF ACTION
### Negligent Violation of 15 U.S.C. § 1681e(b) as to
### Defendant Verisk

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

24. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

25. Defendant has negligently failed to comply with the Act. The failure of Defendant to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which Defendant had notice was inaccurate;

   e. The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the consumer report that Plaintiff disputed the accuracy of

the information;

g.   The failure to promptly delete information that was found to be inaccurate, or

could not be verified, or that the source of information had advised Defendant to

delete;

h.   The failure to take adequate steps to verify information Defendant had reason to

believe was inaccurate before including it in the criminal history report of the

consumer.

26.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual

damages including, without limitation, loss of time and money trying establish to his employer that

the criminal record was reported inaccurately; the expenditure of labor and effort to secure the

court records and to provide them to his employer; damage to his reputation; loss of sleep; lasting

psychological damage; loss of capacity for enjoyment of life; and emotional distress, including

mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

27.    Defendant negligently violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and

inactions were negligent, rendering them liable for actual or statutory damages in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681o.

28.    Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs

from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**Willful violation of 15 U.S.C.§1681k(a)(1)
as to Defendant Verisk**

29.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the

preceding paragraphs as if fully stated herein.

30.    The FCRA imposes specific requirements on consumer reporting agencies, like

Defendant, that sell and distribute a consumer report for employment purposes that include

public records.

31.     Specifically, 15 U.S.C. § 1681k(a) requires that a consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

32.     Upon information and belief, Defendant violated 15 U.S.C. § 1681k(a) because they failed to notify Plaintiff of the adverse public records information, they had provided to his employer at the time it provided his consumer report to his Employer, and they failed to maintain strict procedures to ensure the adverse information it reported about Plaintiff was complete and up to date.

33.     Defendant failed to comply with the rigors of 15 U.S.C. § 1681k(a)(2) and therefore must necessarily rely upon its compliance with § 1681k(a)(1).

34.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check

report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

35.    Defendant willfully violated 15 U.S.C. § 1681k(a)(1) in that its conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

36.    Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

### FOURTH CAUSE OF ACTION
### Negligent violation of 15 U.S.C. § 1681k(a)(1)
### as to Defendant

37.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

38.    The FCRA imposes specific requirements on consumer reporting agencies, like Defendant, that sell and distribute a consumer report for employment purposes that include public records.

39.    Specifically, 15 U.S.C. § 1681k(a) requires that a consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being

reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

40.    Upon information and belief, Defendant violated 15 U.S.C. § 1681k(a) because they failed to notify Plaintiff of the adverse public records information it had provided to his employer at the time it provided his consumer report to his employer, and they failed to maintain strict procedures to ensure the adverse information they reported about Plaintiff was complete and up to date.

41.    Defendant failed to comply with the rigors of 15 U.S.C. § 1681k(a)(2) and therefore must necessarily rely upon its compliance with § 1681k(a)(1).

42.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

43.    Defendant negligently violated 15 U.S.C. § 1681k(a)(1) in that its conduct, actions, and inactions were negligent, rendering it liable for actual or statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

44.    Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs

from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

    i.    Determining that Defendant negligently and/or willfully violated the FCRA;

    ii.    Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

    iii.    Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

    iv.    Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

DATED: September 6, 2023        Respectfully Submitted,

                                    **JAFFER & ASSOCIATES PLLC**

                                    */s/ Shawn Jaffer*
                                    **Shawn Jaffer**
                                    Bar No.: 24107817
                                    5757 Alpha Road Suite 580
                                    Dallas, Texas 75240
                                    T: (214) 494-1871
                                    F: (888) 530-3910
                                    E-mail: NDTX@Jaffer.law
                                    ***Attorneys for Plaintiff***